**E-FILED**
Wednesday, 25 August, 2010  06:06:52 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHASITY L. KING, an individual, on behalf of herself and others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | No.  10-3039 |
| HERITAGE ENTERPRISES, INC., | ) ) ) | |
| Defendant. | ) | |

### OPINION

This matter comes before the Court on Defendant Heritage Enterprises, Inc.'s (Heritage) Motion to Dismiss Plaintiff's Complaint (d/e 9) (Motion).  For the reasons set forth below, the Motion is denied.

For purposes of the Motion, the Court accepts as true all well-pleaded factual allegations in Plaintiff Chasity L. King's Collective Action Complaint (d/e 1) (Complaint).  Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  The Court views the facts in the light most favorable to the non-moving party, in this case, Plaintiff King.

## STATEMENT OF FACTS

King alleges that she worked for Heritage from October 2003, through January 12, 2009, as a licensed practical nurse at Heritage Manor in Springfield, Illinois.  Heritage Manor is a joint venture between Heritage and Memorial Medical Center of Springfield, Illinois.  King was an employee of Heritage during her tenure at Heritage Manor.  Complaint ¶¶ 6, 8-9.

Heritage's hourly employees at Heritage Manor were scheduled to have thirty-minute meal breaks during their shifts.  For much of King's tenure at Heritage Manor, Heritage automatically deducted thirty minutes from the time that King and other hourly employees were working at Heritage Manor.  Id. ¶ 17.  King alleges that she and other Heritage employees were regularly required to work during meal breaks, but were not compensated for that work.  Id. ¶¶ 25-26.  Beginning in May/June 2008, Heritage began requiring hourly employees to clock out at the beginning of meal breaks and to clock in at the end of the thirty-minute break.  Id. ¶¶ 29-30.  King alleges that she and other Heritage employees were required to clock out for thirty minutes irrespective of whether they actually took a full, uninterrupted meal break.  Id. ¶ 29.

King alleges that Heritage required all hourly employees to work during meal breaks without compensation.  King alleges that Heritage officials knew or had reason to know that employees regularly were required to work through meal breaks.  Id. ¶ 27.  King further alleges that Heritage operates thirty-eight skilled nursing facilities.  King alleges that Heritage policies were centrally and collectively dictated, controlled and ratified.  Id. ¶ 11.  Heritage required employees in all of its facilities to work through unpaid meal breaks.  Id. ¶ 18.

Based on these allegations King brings this action on behalf of herself and similarly situation hourly employees of Heritage who worked without compensation during meal breaks.  She alleges a violation of the Fair Labor Standards Act (FLSA) for failure to pay her for all hours worked and for failure to pay overtime for the hours worked in excess of forty hours per work week.  29 U.S.C. § 207.  The FLSA authorizes employees to bring actions on behalf of themselves and all similarly situated employees as long as each such employee consents in writing.  29 U.S.C. § 216(b).  King alleges that the class of employees who may consent to participate in this action are:

All persons employed within the three years preceding the filing

of this action by Defendant, whose pay was subject to an automatic 30 minute meal period deduction even when they performed compensable work during the unpaid "meal break" . . . .

Complaint ¶ 35.  Heritage now moves to dismiss.

## ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2) & (d)(1).  While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).  A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests.  George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).  Dismissal under Rule 12(b)(6)

is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

Congress passed the FLSA to protect covered employees from overreaching by their employers. Section 7(a) requires employers to pay overtime to their employees who work more than forty hours per week. 29 U.S.C. § 207(a), amended by Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119, 577 (2010); see Barefield v. Village of Winnetka, 81 F.3d 704, 709 (7th Cir. 1996). The purposes of the FLSA's overtime provision are "to spread work in order to reduce unemployment, to discourage (by increasing the cost to the employer) a degree of overtime that might impair workers' health or safety, and to increase the welfare of low-paid workers." Yi v. Sterling Collision Centers., Inc., 480 F.3d 505, 510 (7th Cir. 2007). The FLSA is remedial in nature, and "should be liberally construed so as to effectuate its humanitarian purposes . . . ." Walling v. Consumers Co., 149 F.2d 626, 630 (7th Cir. 1945).

King alleges that she and other employees of Heritage were consistently required to work during unpaid meal breaks. Complaint ¶¶ 25-

26.   Bona fide meal periods are not considered work time.   29 C.F.R. §
785.19.   An employee, however, must be "completely relieved from duty"
during his meal period, and "is not relieved if he is required to perform any
duties, whether active or inactive, while eating."  29 C.F.R. § 785.19.  King
alleges that the supposed meal times for Heritage employees were actually
compensable work time because Heritage employees were not relieved of
duty during these meal periods.    King alleges that, due to the
uncompensated work during the thirty minute meal breaks, she and other
employees of Heritage worked in excess of forty hours per week, but were
not paid overtime for the work in excess of forty hours.   If King can
establish these allegations, Heritage is liable for unpaid overtime.  29 U.S.C.
§§ 207(a), 216(b); Barefield, 81 F.3d at 710.  King further is allowed to file
her claim on behalf of herself and other employees who consent in writing
to participate as plaintiffs in the action.  29 U.S.C. § 216(b).[1]  She states a
claim.

Heritage argues that the Complaint is too vague to provide the notice
required by Rule 8.  The Court disagrees.  King identifies the period that she

---

[1]The Court makes no determination at this time regarding class certification.  That
issue is not before the Court at this time.

worked at Heritage Manor.  She identifies the specific alleged illegal practice that forms the basis of her claim, i.e., requiring her and other employees to work during unpaid meal breaks.  She alleges that Heritage applied the same policies at all the facilities that it operated.  These allegations put Heritage on notice of the claim and the basis for the claim.  The details and sufficiency of the claim can be developed in discovery.

Heritage argues that King fails to state a claim because the practice of automatically deducting thirty minutes from an employee's workday for meals is a legal practice.  Heritage attaches Department of Labor advisory opinions to support its contention.  <u>Defendant's Memorandum of Law in Support of it Motion to Dismiss Plaintiff's Complaint (d/e 10)</u>, Exhibits D and E, <u>Wage and Hour Opinion Letter FLSA2007-1NA (May 14, 2007)</u>; <u>Fact Sheet#53–The Health Care Industry and Hours Worked (July 2009)</u>. The authority on which Heritage relies, however, makes clear that the automatic deduction method of timekeeping is not the issue; the issue is whether employers require employees to work during meal breaks.  The automatic deduction system may be acceptable as long as employees, in fact, do not work during meal breaks.  If employees work during meal breaks, they must be paid appropriately.  <u>Id.</u>  King alleges that she and other

employees were required to work and were not paid.

Heritage also argues that King admits that the practice of automatically deducting thirty minutes for meal breaks was eliminated in 2008. King alleges that Heritage ended the practice in 2008. Even so, King states a claim for the time before Heritage changed its timekeeping policies. In addition, King alleges that she and other employees were required to clock out for thirty minutes irrespective of whether they took the full thirty minutes for lunch. These allegations, if true, indicate that King and other employees were still required to work during meal breaks even after Heritage changed policies in 2008 to require employees to clock out for meal breaks. If so, Heritage would still be liable after the change in timekeeping policies.

Heritage also complains that King's counsel are filing similar lawsuits throughout the country against hospitals and other health care facilities. Heritage complains the Complaint contains some language that these counsel used in the complaints filed in these other actions. The similarity of the Complaint with allegations in complaints filed in other actions elsewhere is irrelevant. The issue is whether King states a claim. As explained above, she does. The Motion is denied.

THEREFORE, Defendant's Motion to Dismiss Plaintiff's Complaint

(d/e 9) is DENIED.  Defendant Heritage Enterprises, Inc., is directed to file

an answer by September 24, 2010.

ENTERED this 25th day of August, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE