**E-FILED**
Tuesday, 06 December, 2011 04:40:10 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHASTITY L. KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-03039 |
| | ) | |
| HERITAGE ENTERPRISES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute (d/e 25) (Motion) pursuant to Federal Rule of Civil Procedure Rule 41(b). In the Motion, Defendant requests that this Court dismiss Plaintiff's complaint with prejudice. At a telephonic status hearing held on December 2, 2011, the Court granted Plaintiff's counsel's Motion to Withdraw as Counsel (d/e 27). See Minute Entry of December 2, 2011. The Court also orally granted Defendant's Motion (d/e 25) and now issues a written opinion.

1

BACKGROUND

Plaintiff filed her complaint on February 16, 2010. Defendant filed a Motion to Dismiss on March 12, 2010, which was denied on August 25, 2010. Defendant answered the complaint on September 24, 2010. Between January 26, 2011, and July 27, 2011, the Parties engaged in discovery. In late July or early August 2011, Plaintiff's counsel expressed to Defendant's counsel that Plaintiff was potentially interested in settling the case. Plaintiff requested information from Defendant that would allow Plaintiff to better assess her claims, and Defendant provided that information to Plaintiff on August 9, 2011.

Defendant states that since August 9, 2011, this case has been dormant. Defendant's counsel reached out to Plaintiff's counsel "several times" in order to pursue settlement negotiations, but no progress was made. See Defendant's Memorandum of Law in Support of Motion, d/e 26 at 2.

On November 10, 2011, at the Parties' request, this Court held a telephonic status hearing to address Plaintiff's inactivity in this case.

Counsel for both Parties were present by telephone, but Plaintiff failed to appear.  See Minute Entry of November 10, 2011.  At the hearing, Plaintiff's counsel provided the Court with two telephone numbers and three mailing addresses for Plaintiff.  Plaintiff's counsel informed the Court that he had been unable to reach Plaintiff despite calling the two telephone numbers and mailing letters to at least four known addresses.  The Court placed phone calls to both numbers but received an out-of-service message on the first and no response on the second.  At the close of the hearing, the Court scheduled a second telephonic status hearing for December 2, 2011, and admonished Plaintiff that her case may be dismissed if she failed to appear at that hearing.  See Minute Entry of November 10, 2011.  The Court also ordered Plaintiff to advise the Court of a current phone number at which she may be contacted for the December 2, 2011, hearing.

Plaintiff failed to appear at the December 2, 2011, status hearing and did not provide the Court with a current phone number as ordered.  The Court now considers Defendant's Motion to Dismiss Plaintiff's

Complaint for Failure to Prosecute (d/e 25).

## LEGAL STANDARD

Pursuant to Rule 41(b), a court may dismiss a claim or action at the defendant's request "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Unless the court's dismissal order states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. Id. "Dismissal for want of prosecution 'is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing.'" Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 561 (7th Cir. 2011) (quoting Gabriel v. Hamlin, 514 F.3d 734, 736 (7th Cir. 2008)). A plaintiff's failure to respond that delays the litigation may be an appropriate basis for a dismissal for want of prosecution. Bolt v. Loy, 227 F.3d 854, 856 (7th Cir. 2000). The Seventh Circuit has stated that "[o]nce a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party

can not decide for itself when it feels like pressing its action and when it feels like taking a break." In re Nora, 417 Fed. Appx. 573, 575 (7th Cir. 2011) (citations omitted).

## ANALYSIS

Defendant contends that Plaintiff has refused to pursue her claims in this case, stating that (a) Plaintiff has not been in contact with her counsel since summer 2011, and (b) Plaintiff is wasting this Court's and Defendant's resources by continuing these proceedings.

In this case, Plaintiff has not responded to her counsel's and Defendant's attempts to contact her since late July or early August 2011, which amounts to at least four months of inactivity. During that time, the Court held two telephonic status hearings to address Plaintiff's inactivity in this case. Plaintiff failed to appear on both occasions. See Minute Entries of November 10, 2011, and December 2, 2011. At both hearings, Plaintiff's counsel stated to the Court that he had been unable to contact Plaintiff since summer 2011, and the Court attempted to reach Plaintiff by telephone with no success. At the November 10, 2011,

hearing, the Court stated that if Plaintiff failed to appear for the December 2, 2011, hearing, her case may be dismissed. Despite the Court's warning, Plaintiff did not appear for the December 2, 2011, hearing.

In considering a motion to dismiss for lack of prosecution, a court should consider factors including: (1) the frequency of the plaintiff's failure to comply with deadlines; (2) whether the responsibility for the mistakes is attributable to the plaintiff herself or to the plaintiff's counsel; (3) the effect of the mistakes on the court's calendar; (4) the prejudice that the delay caused to the defendant; (5) the merit of the suit; and (6) the consequences of dismissal for the social objectives that the litigation represents. Kasalo, 656 F.3d at 561 (citing Aura Lamp & Lighting Inc. v. International Trading Corp., 325 F.3d 903, 908 (7th Cir. 2003); Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir. 1993)). Here, the factors weigh in favor of dismissing Plaintiff's case. Plaintiff's failure to appear at two status hearings and her lack of contact with her counsel for at least four months, despite repeated attempts at contact by her

counsel, establish frequency of failure to comply with court deadlines. Plaintiff's absence is solely attributable to Plaintiff, and not her counsel, who has actively attempted to establish contact with her.  Plaintiff's failure to appear at two status hearings and nonresponse to Defendant's attempts to settle the case has wasted both the Court's and the Defendant's time and resources.  Neither the merit of Plaintiff's suit nor the "consequences of dismissal for the social objectives that the litigation represents" outweighs the factors in favor of dismissal.  See Kasalo, 656 F.3d at 561.

## CONCLUSION

THEREFORE, Defendant's Motion to Dismiss for Failure to Prosecute (d/e 25) is GRANTED.  This case is DISMISSED WITH PREJUDICE.  This case is CLOSED.

IT IS SO ORDERED.

ENTER: December 6, 2011

FOR THE COURT:                              s/ Sue E. Myerscough
                                             SUE E. MYERSCOUGH
                                         UNITED STATES DISTRICT JUDGE

7